IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARCIA ANN CARR, *et al.*

    Plaintiffs,

v.

PUERTO RICO PORTS AUTHORITY, *et al.*

    Defendants.

**Civil No. 10-1170(SEC)**

**OPINION and ORDER**

    Before the Court is a motion for partial summary judgment filed by plaintiffs Marcia Ann Carr ("Carr"), her husband Gordon Brian Carr, and their conjugal partnership (collectively "Plaintiffs"). Docket # 52. Co-defendants the Puerto Rico Ports Authority (the "Ports Authority"), North Janitorial Services, Inc. ("North Janitorial"), and Seguros Triple-S, Inc. (collectively "Defendants") opposed. Docket # 64. Plaintiffs replied (Docket # 71), and Defendants sur-replied (Docket # 76). After reviewing the filings and the applicable law, Plaintiffs' motion is **DENIED**.

**Factual and Procedural Background**

    The undisputed material facts of this diversity slip-and-fall suit are uncomplicated. Carr, who at the time of the fall was 62 years old, and her husband are Canadian citizens and domiciles. Docket # 4. On April 6, 2009, while at the Luis Muñoz Marin International Airport, Carr slipped on a wet floor, landing on her right thigh, with her legs retracted up into her chest. Plaintiffs' Statement of Uncontested Facts ("SUF"), Docket # 52-1, ¶¶ 5 and 8; Defendants' Opposition to Statement of Uncontested Facts ("OSUF"), Docket # 63, ¶¶ 5 and 8. No signs warned the public at the airport that the spot where Carr fell was wet with some type of liquid

**CIVIL NO. 10-1170(SEC)**                                                                                                    **Page 2**

which produced bubbles. SUF, ¶ 9; OSUF, ¶ 9.[1] After Carr's fall, a worker who was mopping the floor nearby, while also talking on a cellular-phone, was appraised of the accident by a co-worker who came running from approximately thirty feet away. SUF, ¶ 18; OSUF, ¶ 18.[2] Both workers immediately put "wet floor" signs next to Carr. SUF, ¶¶ 19 and 20; OSUF, ¶¶ 19 and 20. She sustained several injuries as a result of the fall. SUF, ¶ 21; OSUF, ¶ 21.

The Ports Authority owned and operated the airport on the day of the fall. SUF, ¶ 1; OSUF, ¶ 1. At the time, it had contracted with North Janitorial for the cleaning and maintenance of certain airport areas, including the terminal where Carr fell. SUF, ¶¶ 2 and 3; OSUF, ¶¶ 2 and 3.[3] North Janitorial's contractual duties included, among other things, to put warning signs in areas where liquid spills occurred or areas where cleaning or maintenance work was being performed. SUF, ¶ 15; OSUF, ¶ 15.[4] Obviously, these signs were necessary to appraise passersby of dangerous conditions and to elicit caution. SUF, ¶ 16; OSUF, ¶ 16.

Almost eleven months after the fall Plaintiffs filed this suit, requesting monetary relief under P.R. Laws Ann., tit. 31, §§ 5141 and 5142 for the damages resulting from the fall. Docket # 4. Plaintiffs claim that as owner and maintenance provider of the airport, Defendants were duty-bound to ensure that the premises were kept in safe condition, and that they failed to fulfill

---

[1] Defendants claim that caution signs were permanently placed at the entrance of the bathrooms. OSUF, ¶ 9. Nevertheless, the accident occurred in an area far removed from the bathrooms. Docket # 71, p. 7. Moreover, the parties dispute whether the liquid on the floor was soap. Id. at p. 5. This fact, however, is immaterial for summary judgment purposes.

[2] Plaintiffs claim that the worker mopping the floor was North Janitorial's employee, but Defendants deny it. Id. As explained below, this controversy precludes judgment as a matter of law against North Janitorial.

[3] Defendants state that North Janitorial did not provide services to areas operated by third parties. OSUF, ¶ 3. Plaintiffs have provided no evidence to the contrary, which, as explained below, also precludes summary judgment against North Janitorial.

[4] The parties dispute that the purpose of the warning signs was to avoid accidents at all times. Id. This controversy is immaterial for summary judgment purposes.

**Civil No. 10-1170(SEC)**                                                                                                         Page 3

this duty. Id.[5] After preliminary procedural nuances, Plaintiffs moved for partial summary judgment regarding Defendants' liability. Docket # 52. Defendants opposed, claiming, in essence, that Carr, as a passerby, had a duty to note that the spot where she fell was wet; that she breached that duty; and thus, that she was responsible for the fall. Docket # 64.[6] Defendants also argue that there are material and genuine factual disputes as to the exact location of the accident site or as to whether the worker mopping the floor was North Janitorial's employee. Docket # 76. According to Defendants, both issues are determinant for liability allocation. Id.

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramirez Rodriguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. See Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact at issue that is both genuine and material. See Garside v. Osco Drug, Inc., 895 F.2d

---

[5] Although co-defendant Triple-S Inc. was not directly involved in the events leading up to the accident, it allegedly provided some type of casualty insurance to the Ports Authority or to North Janitorial. Id. at ¶ 11.

[6] The Court will disregard this argument here; it is well-settled that the "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." P.R. Laws Ann., tit. 31, §§ 514; see also Quiñones Lopez v. Manano Pozas, 141 P.R.Dec. 139 (1996).

**Civil No. 10-1170(SEC)** Page 4

46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005) (quoting Garside, 895 F.2d at 48 (1st Cir. 1990)).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. See Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue.... Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8, quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Applicable Law and Analysis**

A federal court sitting in a diversity case must apply the substantive law of the forum where the action is filed. Semtek Int'l. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498

**Civil No. 10-1170(SEC)**                                                                                                    Page 5

(2001). Here Plaintiffs premise their claims on Articles 1802 and 1803 of the Puerto Rico Civil Code. P.R. Laws Ann., tit. 31, §§ 5141, 5142. Article 1802 establishes that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. A claimant seeking relief under this article must establish "(1) a negligent act or omission, (2) damages, and (3) a causal relationship between them." Soc. Gananciales v. Padin Co., Inc., 17 P.R. Offic. Trans. 111, 117 P.R. Dec. 94 (1986).

The scope of negligence under Article 1802 is broad—"as broad as the behavior of human beings... includ[ing] any fault that causes harm or injury." Bonilla v. Chardon, 18 P.R. Offic. Trans. 696, 709, 118 P.R.Dec. 599 (1987), quoting Colon v. Romero-Varcelo, 112 P.R. Dec. 573, 579 (1982); see also Vernet v. Serrano Torres, 566 F.3d 254, 259 (1st Cir. 2009)(noting that the provisions of Article 1802 must be interpreted expansively). Nevertheless, the existence of an injury or damages alone is not grounds for liability under Article 1802. A defendant will be liable only for those reasonably foreseeable consequences associated with his acts or omissions. Wojciechowicz v. United States, 576 F. Supp. 2d 241, 270-72 (D.P.R. 2008) (citing De-Jesus-Adorno v. Browning Ferris Industries of Puerto Rico, Inc., 160 F.3d 839, 842 (1st Cir. 1998).

Regarding a defendant's omissions, those "that generate[] liability under Article 1802 happen[] when 'the law imposes a duty of care requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risk.'" Zabala-Calderon v. U.S., 616 F. Supp. 2d 195, 199 (D.P.R. 2008). The duty of care may arise in one of three ways: "(1) by a statute, regulation, ordinance, bylaw, or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation." De Jesus, 160 F.3d 842. Moreover, "the duty is defined by the general rule that one must act as would a prudent and reasonable person under similar circumstances." Vazquez-Filippetti v. Banco Polpular de Puerto

Rico, 504 F.3d 43, 49 (1st Cir, 2007) (citing Ortiz v. Levitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407, 101 P.R.Dec. 290 (1973). Although the duty of care calls for the anticipation of reasonably probable injuries to probable victims, Marshall v. Perez Arzuaga, 828 F.2d 845, 847 (1st Cir. 1987), "the foreseeability required under [Article] 1802 does not extend to all imaginable effects resulting from defendant's conduct. This would be tantamount to turning the defendant into an absolute insurer of its acts and omissions." Wojciechowicz, 576 F. Supp. 2d at 272. Therefore, a person breaches the duty of reasonable care only when his actions create reasonably foreseeable risks. Vazquez-Filippetti, 504 F.3d 43, 49.

The application of the foregoing legal standard to the facts of this case is straightforward. As the airport's owner, the Ports Authority has a legal duty to maintain the airport's premises in safe condition. See Mas v. United States, 984 F.2d 527, 530 (1st Cir. 1993) (discussing Puerto Rico Supreme Court's jurisprudence establishing that property owners are responsible for the safekeeping of invitees). The Ports Authority, however, "is not an insurer of the safety of [airport] visitors, and [its] duty extends only to the exercise of reasonable care for their protection...." Cotto v. C.M. Ins. Co., 16 P.R. Offic. Trans. 786 (1985). To discharge this duty, the Ports Authority contracted the services of North Janitorial and required it to clean and maintain certain areas of the airport, including the terminal where Carr fell. SUF, ¶¶ 2 and 3; OSUF ¶¶ 2 and 3. North Janitorial's responsibilities encompassed cleaning and drying wet floor areas as well as placing "wet floor" signs in wet areas, or in areas that were being cleaned, to warn the public of dangerous conditions and to elicit caution. SUF, ¶ 15; OSUF ¶ 15.

Under Puerto Rico's law, it is well-settled that a principal who hires an independent contractor with the skills and experience to do the job is generally not liable for damages caused by the contractor's ordinary negligence. See Pons v. Engebretson, 160 P.R.Dec. 347, 358-59(2003); Martinez v. Chase Manhattan Bank, 108 P.R.Dec. 515, 222-23 (1979) ("The contractor's employer is not held liable for the [contractor's] ordinary negligence resulting in damages to a third person, nor for failing to follow the routine precautions which a careful

**Civil No. 10-1170(SEC)**                                                                                           Page 7

contractor should ordinarily take."). Here Plaintiffs have failed to argue, much less proven, that North Janitorial was unfit to perform under its contract with the Ports Authority. Neither have Plaintiffs proven that North Janitorial's alleged negligent omission (failing to place "wet floor" signs on the floor where the fall occurred) exceeded the bounds of the ordinary. This alone suffice to deny Plaintiffs' summary judgment motion as to the Ports Authority.

Nevertheless, the Court of Appeals for the First Circuit has established that the duty of business owners to maintain their premises in reasonably safe conditions is non-delegable. De-Jesus-Adorno, 160 F.3d at 842. In fact, in Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1106-07 (1st Cir. 1986), a case involving the Ports Authority as a defendant, the First Circuit stated in dicta that the Ports Authority cannot delegate its safekeeping duty to independent contractors.[7] If this principle were applicable to this case, to prevail at this stage, Plaintiffs needed to prove that the Ports Authority knew or should have known about the conditions of the floor where Carr fell. Cf. Cotto, 16 P.R. Offic. Trans. 786 (stating that business owners generally are liable for in-store accidents when there were "existing dangerous conditions within the business premises in question, which conditions were known to the owners or should have been known to them."). They have failed to do so. Similarly, Plaintiffs have not shown that the Ports Authority failed to monitor North Janitorial's performance under the contract. Cf. Ramos v. Wal-Mart, 165 P.R.Dec. 510 (2005) (safety sweep in which employees patrol store aisles every fifteen minutes to detect and address spills and other dangerous conditions found to be a reasonable measure to preclude tort liability for fall that happened within the fifteen minute range). Put differently, up to this point, Plaintiffs have

---

[7] In De-Jesus and Colmenares the First Circuit relied on common law to derive the non-delegability principle. The civil law, however, contains no analogous principle. Rather, in the civil system, liability lies exclusively with the negligent wrongdoer. And, as Judge Torruella's dissent in Colmenares points out, "the Supreme Court of Puerto Rico has stated that both as to its form and content, the tort law applicable in Puerto Rico is the civil law system." Colmenares, 807 F.2d at 1108-09, Torruella, J., dissenting.

**Civil No. 10-1170(SEC)**                                                                                                           Page 8

provided the Court with no evidence showing that the Ports Authority failed to exercise reasonable care to maintain the Airport premises in safe conditions. For these reasons, Plaintiffs' motion for summary judgment as to the Ports Authority is **DENIED**. See Cotto, 16 P.R. Offic. Trans. 786 ("It is a well-known fact that, as a rule, the plaintiff who brings an action for damages alleging to have suffered injuries as a result of defendant's negligence, has the burden of proving the alleged negligence.").

Matters are not much different regarding North Janitorial. It is uncontroverted that North Janitorial was duty-bound to maintain certain areas at the Airport in safe conditions—its duty arising from the contract with the Ports Authority. North Janitorial's duties, however, excluded areas operated by third parties (*e.g.*, concession stands and other businesses within the terminal), who were required to maintain their areas with their own employees. Docket # 63, ¶ 3. Although Plaintiffs allege that the spot where Carr fell was maintained by North Janitorial, they have failed to support this allegation with evidence. In this regard, Plaintiffs rely exclusively on the testimony of North Janitorial's employees, stating that the *terminal* where the fall happened was under North Janitorial's responsibilities. Docket # 71, p. 3. Nevertheless, given North Janitorial's uncontroverted evidence regarding third parties and their maintenance duties within the same terminal, Plaintiffs' evidence at this stage needed to be much more specific. Plaintiffs also assume, without supporting evidence, that the worker mopping the floor was North Janitorial's employee. But again, given the duties of third parties within the terminal, it is beyond peradventure that the worker could have worked for someone other than North Janitorial.[8] In sum, Plaintiffs' failure to provide proper evidence to support their claim precludes the Court to render judgment against North Janitorial as a matter of law. See

---

[8] Of course, if in fact the worker was someone else's employee, Plaintiffs could still prove North Janitorial liable, depending on the exact location of the accident and on the measures North Janitorial took to monitor and maintain the safety of such area. See Ramos, 165 P.R. Dec. 510.

Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d at 581 (stating that at the summary judgment stage the Court examines the record in the light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor."). Accordingly, Plaintiffs' motion as to North Janitorial is also **DENIED**.

**Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiffs' summary judgment motion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of April, 2011.

                                                            s/ *Salvador E. Casellas*
                                                            SALVADOR E. CASELLAS
                                                            U.S. Senior District Judge